UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANE FLY,<br><br>Petitioner,<br>v.<br><br>JO GENTRY,<br><br>Respondent. | Case No. 2:17-cv-01611-MMD-GWF<br><br>ORDER |

By a previous order (ECF No. 3), petitioner was directed to pay the filing fee in order to proceed with his federal habeas petition. The Court has been informed that petitioner has now paid the full filing fee. In addition, petitioner has filed an amended petition. (ECF No. 5.)

The Court has reviewed the proposed petition under Habeas Rule 4. It appears as if petitioner still has not completed state court exhaustion with respect to any of the claims in his petition. A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

The Court will grant petitioner an opportunity to show cause why this action should not be dismissed on account of his failure to exhaust any of his claims in state court. If petitioner fails, within the time allowed, to make a prima facie showing that he has exhausted, in state court, one or more of the claims he asserts, this case will be dismissed. *See Rose v. Lundy*, 455 U.S. 509 (1982).

In the alternative, petitioner may request stay and abeyance as provided in *Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. 544 U.S. at 276; *see Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*). This Court will not grant a *Rhines* stay, however, unless "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

It is therefore ordered that petitioner shall have thirty (30) days from the date of entry of this order to either (1) show cause why the Court should not dismiss this action as unexhausted or (2) file a motion for stay and abeyance.[1] Failure to respond to this order within the time allowed, or failure to make the required prima facie showing, will result in the dismissal of this action. If petitioner maintains that any claims in the petition have been exhausted, petitioner must attach with his response copies of any and all papers that were accepted for filing in the state courts that he contends demonstrate that the claims are exhausted. All factual assertions must be specific and supported by competent evidence.

No extension of time will be granted to respond to this order except in the most compelling of circumstances.

---

[1]This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

2

It is further ordered that the Clerk add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents, and electronically serve a copy of the petition and this order upon the respondents. Respondents' counsel must enter a notice of appearance within twenty (20) days of the entry of this order, but need take no further action in the case unless and until the Court so orders.

DATED this 31st day of July 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE